31 C.C.P.A.(Patents)

## In re NEUKIRCH.

### Patent Appeal No. 4861.

Court of Customs and Patent Appeals.

March 6, 1944.

Vernon D. Beehler, of Chicago, for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting claim 4 of appellant's application for a patent on a "Method for Making a Flared Fitting." The claim was rejected on the ground of unpatentability over the prior art.

The claim reads as follows: "4. The method of making a multiple seal flared coupling joint for tubing adapted to be repeatedly uncoupled and remade by use of a pair of coacting threaded fitting members, one of which remains relatively stationary while the other is rotated about it, comprising forming a concave frusto-conical wall in one fitting member, forming a convex frusto-conical wall on the other member having substantially the same side angle as the concave wall, forming an annular recess in the frusto-conical wall of the relatively stationary member intermediate the edges thereof so that a flat portion of the wall adjoins the recess on both sides, said recess being concentric with and surrounding the tubing to be coupled, then forming a flare on the tubing substantially uniform in thickness having the opposite sides thereof parallel and having substantially the same side angle as said frusto-conical walls, clamping said flare between said walls by application of pressure to the walls while maintaining the initial frusto-conical shape thereof and forcing material from the midportion of the flare into the annular recess until an annular seal is formed at the edges of said recess in addition to the seal on the parallel faces of the frusto-conical wall on both sides of said recess."

The cited references are: Dossert, 772,136, October 11, 1904; Brown, 1,058,-542, April 8, 1913; Briggs (British), 207,-865, December 5, 1923; Koelsch (German), 522,833, November 15, 1928; Sander, 2,-032,720, March 3, 1936.

The application relates to a method for making a sealed flared coupling joint or fitting, and discloses a coupling comprising male and female threaded members having correspondingly shaped frusto-conical surfaces adapted to receive between them the flared end of a ductile metal tube. The male member is provided with an annular groove into which, when the coupling members are screwed together, a portion of the metal of the pipe is forced, thus forming a seal. The application states that the method for making the device provides for a double sealed surface formed at the flare so that if one of the sealed surfaces should be defective in preventing leakage the other will hold the joint tight. One of the objects of the alleged invention is said to be the production of a tight seal in which refacing of the male fitting, which might be necessary by reason of dents or abrasions, is minimized, thus providing a stronger and less readily broken joint.

The Dossert patent relates to detachable pipe couplings connecting pipes at least one of which is made of compressible material such as lead, rubber or the like. It discloses male and female threaded coupling means detachably united, and is said to obviate all tendencies to leakage. The patent discloses two annular grooves on a conical member inside the coupling projecting into the flared end of the pipe to be connected, and when the threaded members are screwed together a portion of the metals in the flared end of the pipe is forced into the grooves.

The Brown patent relates to detachable couplers, for pipe formed of lead or other relatively plastic material, adapted to flare or expand the adjacent portion of the pipe to produce a substantially air-tight closure. The coupling comprises male and female threaded members forming a concave frusto-conical wall in one member and a convex frusto-conical wall on the other. The flared pipe fits into the space between said members, the male member of which may be provided with an interior annular groove into which is forced some of the pipe material when the threaded members are screwed together. The female threaded member is provided with a helical groove extending completely around it where its surface meets the flare of the pipe.

The Briggs patent relates to tight fluid pipe joints which may be used in connecting a flared lead pipe to an iron or other metal pipe. It discloses male and female threaded members, the male member of which has a conical end which projects into the flared ends of the pipe and has annular grooves thereon. When the threaded members are screwed together a portion of the flared ends of the pipe is forced into the grooves.

The Koelsch patent relates to pipe connections by means of flanges tightened by a cap nut. It discloses a conical-shaped flange provided with one or more annular shoulders so that when the connection is made the softer material of the pipe is forced into the depression of the shoulder or shoulders.

The Sander patent relates to pipe connections comprising male and female threaded members, and discloses a sharp edge on the male member which penetrates slightly into the flared tube to be coupled when the threaded members are screwed together.

The Primary Examiner held the claim unpatentable over the Dossert, Koelsch and Briggs references in view of the patents to either Brown or Sander.

The Board of Appeals affirmed the decision of the examiner for the reasons given by him.

Clearly, each of the references discloses a sealed flared coupling joint. The Brown patent discloses a method for making a multiple seal flared coupling joint comprising a concave and a convex frusto-conical wall on each of the fitting members respectively. The patent discloses an annular recess in the male threaded member which is relatively stationary intermediate the edges of the wall with a flat surface on each side of the recess. In the male member is an annular recess which surrounds the tube to be coupled, and when the threaded members are screwed together the material in the flared end of the pipe is forced into the said recess to produce a tight joint.

While the involved claim states that the frusto-conical surfaces have substantially the same angle and that the flared portion of the tube is of substantially uniform thickness the patent shows those surfaces to be at a slight angle and the flared portion of the tube tapers in thickness. However, appellant does not contend that the said surfaces should have the same angle for the reason that he states in his brief that the word "substantially" as applied to the flare and the parallel relationship of the adjacent surfaces is intended to cover a variation from the surfaces having the same angle. The patent clearly discloses multiple sealing by reason of the annular groove and the helix, together with the pressing of the female member against the end of the flared pipe.

While appellant contends that in his method his device may be repeatedly uncoupled and remade, this is likewise true of the device in the Brown patent. The female threaded member certainly can be unscrewed to uncouple the joint, and that member with the male member can be again screwed together to remake the joint.

It is contended by appellant that the annular groove of Brown could not be pulled away from the flare, and that this would prevent the uncoupling and remaking of the joint. The claim, however, is not limited to a structure wherein the coupling members may be completely detached from the tubing. The exact shape of the groove is entirely a matter of choice and if it were desired by the patentee of the Brown reference to remove both threaded members freely from the flared pipe it would be obvious to reshape the groove in the device of the patent so that it would be, for instance, at a right angle to the flared pipe. Furthermore, appellant in his specification states that the groove may be of any desired shape "so long as it has sufficient depth and provides an edge which can plow into the metal forming the flare on the tubing."

Appellant in his brief argues that the recess in the Brown patent being opposite the

outside of the tubing rather than inside as shown in the application renders the joint of the patent device less tight. However, there is nothing in the claim which would make such a distinction upon which this argument is based. Furthermore, the device in the Brown patent shows it has a helical sealing means on the inside of the pipe, and it would, in our opinion, require no invention to replace that means by an annular groove such as is shown in the device of appellant.

We do not deem it necessary to discuss the other references for the reason that they all contain the grooved means and the claim cannot, as was held by the tribunals below, be held to be patentable over those references in view of the patent to Brown or of the patent to Sander.

For the reasons stated the decision of the Board of Appeals is affirmed.

Affirmed.